UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

|  |  |
|---|---|
| * | CIVIL ACTION NO. |
| NATIONAL UNION FIRE INSURANCE * | |
| COMPANY OF PITTSBURGH, PA   and * | |
| LBC BATON ROUGE, LLC. * | |
| Plaintiffs * | |
| * | JUDGE |
| VERSUS * | |
| * | SECTION " " |
| SMITH TANK & STEEL, INC. * | |
| Defendant * | MAGISTRATE ( ) |
| * | |
| *   *   *   *   *   *   *   *   *   *   *   * | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes National Union Fire Insurance

Company of Pittsburgh, PA (hereinafter, "NUFIC") and LBC Baton Rouge, LLC (hereinafter,

"LBC") and, which respectfully aver as follows:

## PARTIES

1.      Plaintiff, NIFIC, is a Pennsylvania corporation with its principal place of business in

New York, New York.

2.      Plaintiff, LBC Baton Rouge, LLC, is a Delaware limited liability company, the sole

member of which is LBC Houston, LP, a Texas limited partnership with its principal place of

business in Seabrook, Texas. LBC Houston, LP is comprised of LBC Acquisition Corp., Inc., a Delaware corporation with its principal place of business in Chicago, Illinois and LBC Operations US, LLC, a Delaware limited liability company with its principal place of business in Seabrook, Texas. The sole member of LBC Operations US, LLC is LBC Acquisition Corp.

3. Made defendant herein is Smith Tank & Steel, Inc., (hereinafter, "Smith Tank") a Louisiana corporation with its principal place of business in Gonzales, Louisiana.

## JURISDICTION

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 and this matter is between citizens of different states.

## VENUE

5. The contract at issue was to be performed in the district; therefore, venue is proper pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391.

## STATEMENT OF FACTS

6. Pursuant to a bid dated September 21, 2006 and the terms of an agreement dated June 6, 2006, LBC entered into a contract with Smith Tank to construct four 110,000 Blb Carbon Steel Tanks at LBC's facility in Sunshine, Louisiana for a total contract price of $3,495,404.

7. The four tanks were build with internal floating roofs. The internal floating roofs are essentially metal lids that float on top of the liquid in the tanks to prevent evaporation and the accumulation of fumes inside the tanks.

8. While performing a routine inspection of the tanks, it was discovered that the internal floating roof in Tank 100-3 had become submerged under the natural gas condensate contained in the tank. The internal floating roof was bent and damaged as a result of being submerged. One end

of the failed floating roof was bent upwards in one section that was approximately 1/6 of the total circumference of the floating roof.

9.     An analysis of the failed internal floating roof was performed and it was determined that an improper weld in the floating roof allowed gasoline to flood the roof plate causing its collapse. Alternatively, and/or additionally, the internal floating roof failed as a result of the failure of a secondary seal designed to keep the floating roof centered in the tank. Alternatively, and/or additionally, the internal floating roof failed as a result of other construction, manufacturing, and/or design defects or errors for which Smith Tank is responsible.

10.     As part of the construction contract between LBC and Smith Tank, Smith Tank performed the welding, installed the secondary seal and otherwise performed the construction, manufacturing, and/or design activities, one or more of which caused the internal floating roof to sink, resulting in damage to the tank and loss of use of the tank while the tank was being repaired.

11.     To date, LBC has spent $712,615.00 to repair the damaged tank and has suffered damages as a result of the loss of use of the tank in the amount of $316,240.00.

12.     NUFIC insurers LBC under an Energy Policy – Property All Risk Insurance, Policy no. #2637979 (hereinafter, "the Policy"). Pursuant the Policy, NUFIC has paid LBC the sum of $174,549  for the cost of repairs to the tank and business interruption caused by the failure of the internal floating roof.  NUFIC may be required to pay additional sums to LBC as a result of the failure of the internal roof.

13.     As a result of the payments to LBC, and to the extent of those payments, NUFIC has become conventionally and/or legally subrogated to LBC and its claims against Smith Tank.

## COUNT ONE
## (BREACH OF CONTRACT)

14.     Plaintiff s repeat and re-alleges the allegations of Paragraphs 1-13 above as though fully set forth herein.

15.     The work performed by Smith Tank failed to comply with a Smith Tank's duty to perform its contract with LBC in a workmanlike manner free from defects attributable to either faulty materials or poor workmanship and Smith Tank is liable to plaintiff as a result.

16.     Alternatively and/or additionally, Smith Tank is liable to plaintiffs under La. Civ. Code Ann. art. 2762, which makes a building contractor liable if the object of the contract should fall to ruin either in whole or in part as a result of poor workmanship.

17.     Alternatively and/or additionally, Smith Tank is liable to plaintiffs for breaching other express and implied warranties contained in the contract between LBC and Smith Tank and/or provided for by law.

## COUNT TWO
## (WARRANTY AGAINST REDHIBITORY DEFECTS)

18.     Plaintiffs repeat and re-alleges Paragraphs 1-17 above as fully set forth herein.

19.     Alternatively, the tank as supplied by Smith Tank fails to comply with the warranty against redhibitory vices or defects and/or fitness for its ordinary use.

20.     Smith Tank as the manufacturer of the tank is liable for the cost of repairing or remedying the defect, the damages suffered as a result of the defect and reasonable attorneys' fees.

**WHEREFORE**, plaintiffs, National Union Fire Insurance Company of Pittsburgh, PA and LBC Baton Rouge, LLC, pray that after due proceedings herein, that there be judgment in their favor

and against defendant, Smith Tank & Steel, Inc., for such damages as are reasonable in the premises, plus their costs and attorneys' fees incurred in prosecuting this claim.

**FURTHERMORE**, National Union Fire Insurance Company of Pittsburgh, PA and LBC Baton Rouge, LLC, pray for all other general, legal and equitable relief to which they may be entitled.

RESPECTFULLY SUBMITTED:

/S/ John A. Stewart, Jr.
DAVID L. CARRIGEE (3892)
JOHN A. STEWART, JR. (8164)
BALDWIN HASPEL BURKE & MAYER
3600 ENERGY CENTRE
1100 POYDRAS STREET
NEW ORLEANS, LA 70163
(504) 569-2900 Fax (504) 569-2099